UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN FRASER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 17-cv-03702-EMC<br><br>**ORDER RE JOINT REQUEST FOR APPROVAL OF PAGA SETTLEMENT**<br><br>Docket No. 54 |

Five individual plaintiffs and Defendants Nationwide Mutual Insurance Company and Scottsdale Insurance Company have reached settlement on plaintiffs' individual wage-and-hour claims. The parties seek court approval of the $16,000 portion of the settlement allocated as civil penalties to settle Plaintiffs' individual claims under California's Private Attorneys General Act ("PAGA"). Of that amount, $12,000 will be paid to the California Labor and Workforce Development Agency ("LWDA").

The Court needs additional information to approve the proposed PAGA settlement. Court approval is required to protect the interests of the aggrieved workers on whose behalf the suit has been brought and also the interests of the State of California and the public at large in the recovery of civil penalties. *See O'Connor v. Uber Techs., Inc.*, 201 F.Supp.3d 1110, 1134 (N.D. Cal. 2016). Because the parties do not intend to preclude other employees from asserting a PAGA claim by their settlement, the Court need only confirm that the amount allocated to PAGA proportionally is reasonable in light of the State's interest in recovering civil penalties. The parties represent that "the amount allocated to PAGA represents approximately the same proportion of Plaintiffs' computed total PAGA penalties as the proportion of total computed damages allocated to Plaintiffs directly in settlement of their underlying claims, when adjusted for the extra weight

Plaintiffs placed on the overtime claims, which they viewed to carry less litigation risk than the remaining claims." Joint Stip. ¶ 5. This representation is not supported by specific details sufficient to permit the Court to understand how the PAGA allocation was calculated, or what proportion of the total settlement it represents. The parties shall provide additional details sufficient to allow the Court to conduct its assessment. The parties should also state whether the LWDA has responded to notification of the proposed settlement.

In addition, because PAGA judgments may have preclusive effect against the state labor agency or other aggrieved employees, *see Arias v. Sup. Ct.*, 46 Cal.4th 969, 986 (2009), the parties shall revise the stipulation to clearly state that Defendants affirmatively agree to waive any collateral estoppel or res judicata defense to PAGA actions brought by the State of California or aggrieved employees (other than Plaintiffs) for the same claims. *See Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 735 (9th Cir. 1988) (noting that res judicata is a waivable affirmative defense).

The parties shall submit the supplemental information and revised stipulation within one (1) week of this order.

**IT IS SO ORDERED**.

Dated: July 18, 2018

_____
EDWARD M. CHEN
United States District Judge