LISA K. HORGAN, Bar No. 267632
lhorgan@littler.com
COURTNEY M. OSBORN, Bar No. 312011
cosborn@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

JAMES J. OH, (Admitted *pro hac vice*)
joh@littler.com
LITTLER MENDELSON, P.C.
321 N. Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.795.3261
Facsimile: 312.602.3807

Attorneys for Defendants
NATIONWIDE MUTUAL INSURANCE
COMPANY and SCOTTSDALE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIAN FRASER, JOSEPH WUCHER, IRENE DAMSKY, KIM ZAIA, and CHRIS JACKSON as individuals and in their representative capacity,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, SCOTTSDALE INSURANCE COMPANY, dba Nationwide E&S/Specialty, a corporation,<br><br>Defendants. | Case No. 3:17-cv-03702-EMC<br><br>**REVISED JOINT REQUEST AND [PROPOSED] ORDER GRANTING APPROVAL OF PAGA SETTLEMENT AND DISMISSAL OF THE ACTION** |

REVISED JOINT REQUEST AND PROP ORDER
GRANTING APPROVAL OF PAGA SETTLEMENT
AND DISMISSAL OF THE ACTION

1.

CASE NO. 3:17-CV-03702-EMC

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

STEVEN G. ZIEFF (SBN: 84222)
Email: sgz@rezlaw.com
CHAYA M. MANDELBAUM (SBN: 239084)
Email: cmm@rezlaw.com
WILLIAM P. MCELHINNY (SBN: 296259)
Email: wpm@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Attorneys for Plaintiffs,
JULIAN FRASER, *et al.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED JOINT REQUEST AND PROP ORDER
GRANTING APPROVAL OF PAGA SETTLEMENT
AND DISMISSAL OF THE ACTION

2.

CASE NO. 3:17-CV-03702-EMC

Plaintiffs Julian Fraser, Joseph Wucher, Irene Damsky, Kim Zaia, and Chris Jackson ("Plaintiffs") and Defendants Nationwide Mutual Insurance Company and Scottsdale Insurance Company ("Defendants"), through their respective counsel of record, jointly submit and request as follows:

1. Plaintiffs filed a Complaint against Defendant Nationwide Mutual Insurance Company on or about June 28, 2017, in the Northern District of California pleading ten causes of action, including a claim under the California Private Attorneys General Act ("PAGA"), seeking civil penalties for the State of California. There are no class action or collective action allegations in the Complaint.

2. On September 26, 2017, Plaintiffs filed a First Amended Complaint asserting the same causes of action but adding Scottsdale Insurance Company as an additional defendant.

3. The Parties engaged in mediation on April 2, 2018 with experienced mediator Jeffrey Ross. The Parties continued negotiations with the assistance of Mr. Ross following the mediation and reached a settlement. The Parties fully executed a confidential settlement agreement on or about June 19, 2018.

4. Pursuant to the settlement agreement, the settlement amount apportioned to PAGA civil penalties is $16,000.00, subject to the Court's approval as required by Labor Code section 2699(l)(2). Defendants have agreed to pay $12,000, which is 75% of $16,000, to the California Labor and Workforce Development Agency following the dismissal of this action.

5. The settlement was negotiated at arm's-length by experienced counsel well versed in the intricacies of litigation before a well-respected mediator. During the mediation, Mr. Ross communicated to Plaintiffs that he believed the underlying overtime claims were stronger than many of the derivative claims, such as meal and rest breaks or waiting time penalties, that would require additional difficult elements of proof even if Plaintiffs prevailed in establishing that they were misclassified, which would be challenging in its own right. For instance, a jury could find that the Plaintiffs, who

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED JOINT REQUEST AND PROP ORDER
GRANTING APPROVAL OF PAGA SETTLEMENT
AND DISMISSAL OF THE ACTION

3.

CASE NO. 3:17-CV-03702-EMC

1         often worked from home or on the road, were capable of taking the full meal and rest breaks a non-exempt employee would be entitled to. As a consequence, the overtime claims and alleged damages for overtime drove Plaintiffs' assessment of what a well-calibrated settlement would be during the mediation. There are also litigation risks unique to the PAGA claims. For example, if the matter were to go to trial, there is the risk that the Court could exercise its discretion under PAGA to not award the full measure of penalties available under that statute given the difficult exemption issues underlying the alleged violations and the issues going to whether there was a good faith dispute as to the exemption status of the Plaintiffs.

6. Nonetheless, after reaching resolution, the amount allocated to PAGA represents approximately the same proportion of Plaintiffs' computed total PAGA penalties as the proportion of total computed damages allocated to Plaintiffs directly in settlement of their underlying claims, when adjusted for the extra weight Plaintiffs placed on the overtime claims, which they viewed to carry less litigation risk than the remaining claims. The majority of the Plaintiffs were former employees at the time the case was filed, and thus have very few workweeks within the one-year PAGA statute of limitations period. Plaintiffs Wucher, Damsky and Fraser have 2, 11 and 22 PAGA-eligible workweeks respectively. *See* Declaration of Steven G. Zieff in Support of this Request, ¶ 7.[1]

7. The Parties agree that the settlement is specifically limited to Plaintiffs' claims only, and does not release any PAGA claims of any other alleged aggrieved employees, to the extent any such individuals exist. Defendants will not assert and waive any collateral estoppel or res judicata defense that would rely on the settlement in this matter (but do not waive any other collateral estoppel or res judicata defense that may

---

[1] The Zieff Declaration, which includes the full length settlement agreement as an exhibit, addresses the Court's Order (Dkt. No. 55) that the Parties provide additional detail sufficient to allow the Court to understand and assess how the PAGA allocation was calculated and the proportion of the total settlement it represents. Because it contains confidential information pertaining to the Parties' settlement, it is filed separately and attached to an Administrative Motion to File Under Seal pursuant to Northern District Local Rules 7-11 and 79-5.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED JOINT REQUEST AND PROP ORDER
GRANTING APPROVAL OF PAGA SETTLEMENT    4.    CASE NO. 3:17-CV-03702-EMC
AND DISMISSAL OF THE ACTION

otherwise exist) to PAGA actions brought by the State of California or aggrieved employees (other than Plaintiffs) for the same claims.

8. Accordingly, this request for PAGA approval is to approve the settlement of Plaintiffs' individual PAGA claims, not the claims of any other alleged aggrieved employees. Moreover, as this is not a class or collective action, no class action or collection action notices have gone out to any other employees, and thus there is no basis to presume any employees have or will forestall pursuit of their own individual or PAGA claims in reliance of this case.

9. The Parties have further agreed to seek the dismissal of this action with prejudice as to Plaintiffs and without prejudice as to other purported "aggrieved employees," to the extent any such individuals exist, with the Court to retain jurisdiction to enforce the terms of the settlement until performance in full of the terms of the settlement.

10. Pursuant to Labor Code section 2699(l)(2), the court shall review and approve any settlement of any civil action filed pursuant to the PAGA.

11. Labor Code section 2699(l)(2) does not prescribe any procedure for how to request Court approval of a PAGA settlement.

12. Pursuant to Labor Code section 2699(l)(2), the proposed settlement terms were submitted to the California Labor and Workforce Development Agency ("LWDA") on June 29, 2018 through the concurrent submission of the joint request submitted to the Court on the same day. As of the time of this filing, the LWDA has not responded to notification of the proposed settlement.

Based on the foregoing, the Parties request:

1. The Court approve the settlement amount apportioned to Plaintiffs' PAGA claim in the amount of $16,000.00 pursuant to Labor Code section 2699(l)(2); and

2. The Court dismiss this action with prejudice as to Plaintiffs and without prejudice as to other purported "aggrieved employees," to the extent any such individuals exist, with the Court to retain jurisdiction to enforce the terms of the settlement until performance in full of the terms of the settlement.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED JOINT REQUEST AND PROP ORDER
GRANTING APPROVAL OF PAGA SETTLEMENT
AND DISMISSAL OF THE ACTION

5.

CASE NO. 3:17-CV-03702-EMC

| | |
|---|---|
| Dated: July 25, 2018 | Respectfully submitted, |
| | LITTLER MENDELSON, P.C. |

*/s/ Lisa K. Horgan*
LISA K. HORGAN
JAMES J. OH
COURTNEY M. OSBORN
Attorneys for Defendants

| | |
|---|---|
| Dated: July 25, 2018 | Respectfully submitted, |
| | RUDY, EXELROD, ZIEFF & LOWE, LLP |

*/s/ Chaya M. Mandelbaum*
STEVEN G. ZIEFF
CHAYA M. MANDELBAUM
WILLIAM P. MCELHINNY
Attorneys for Plaintiffs

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-1, I, the filer of this document, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Lisa K. Horgan*
Lisa K. Horgan
LITTLER MENDELSON, P.C.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED JOINT REQUEST AND PROP ORDER
GRANTING APPROVAL OF PAGA SETTLEMENT
AND DISMISSAL OF THE ACTION

6.

CASE NO. 3:17-CV-03702-EMC

# [PROPOSED] ORDER

**THE COURT HEREBY FINDS**, having read and considered the Joint Request for approval of a Private Attorneys General Act ("PAGA") settlement and the dismissal of this action,

**IT IS HEREBY ORDERED THAT:**

Good cause exists to approve the PAGA settlement of $16,000.00 pursuant to Labor Code section 2699(l)(2) and the settlement is so approved.

This action is now hereby dismissed in its entirety with prejudice as to Plaintiffs and without prejudice as to the "aggrieved employees," other than Plaintiffs, to the extent any such individuals exist.

Defendants shall pay $12,000, which is 75% of $16,000, to the Labor and Workforce Development Agency ("LWDA") within twenty-one (21) business days after the dismissal of this action.

This Court shall retain jurisdiction to enforce the terms of the settlement until performance in full of the terms of the settlement. Plaintiffs are hereby ordered to submit a copy of this Order to the LWDA within ten (10) days after its entry.

**IT IS SO ORDERED.**

DATED: _____August 3_____, 2018

_____
THE HONORABLE EDWARD M. CHEN
United States District Judge

Firmwide:155973348.3 092236.1005

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

REVISED JOINT REQUEST AND PROP ORDER
GRANTING APPROVAL OF PAGA SETTLEMENT
AND DISMISSAL OF THE ACTION

7.

CASE NO. 3:17-CV-03702-EMC